UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 1 6 2001

[signature]
CLERK

SARAH WHITTIER BROWN,

    Plaintiff,

v.

CIVIL NO. 01-157 LH/DJS

ROGER A. FINZEL, ESQ., LEONARD L.
KOENICK, ESQ., BARTOLOME BESTARD
BONET, U.S. Consular Agent, HON. JAMES
W. WASHINGTON, JR., MORTON BERG,
Hearing Commissioner, HOLMES CHENEY
BROWN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte* to review Plaintiffs' complaint pursuant to 28 U.S.C. §1915(e)(2). The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. §1915(e)(2)(B) if the Court determines that the action is frivolous or malicious or that the action fails to state a claim upon which relief may be granted. The Court may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] to amend [her] complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). In reviewing a *pro se* plaintiff's complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel, but is at the same time mindful that the

complaint must be liberally construed. Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff brings this action in apparent attempt to have her 1973 divorce from Defendant Holmes Cheney Brown declared void. She asserts that the matter arises under the Full Faith and Credit Clause, the Due Process Clause, and the Equal Protection Clause as well as the Fourteenth Amendment of the United States Constitution. Plaintiff asserts that she was never notified of the divorce proceeding or given an opportunity to contest it. She further contends that an acknowledgment of the divorce witnessed by Defendant Bartolomé Bestard Bonet and signed by her is false.

This matter must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). To the extent that Plaintiff seeks to assert constitutional claims, she must do so pursuant to 42 U.S.C. §1983, which permits the recovery of damages for the violation of constitutional rights. The statute of limitations has long since expired for any of the constitutional claims which Plaintiff asserts.

"State statutes of limitations applicable to general personal injury claims supply the limitations periods for §1983 claims...." Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999).The Supreme Court has held that in states with multiple statutes of limitations, claims under §1983 are governed by the residual or general personal injury statute of limitations, rather than the statute of limitations for enumerated intentional torts. See Owens v. Okure, 488 U.S. 235, 243- 50 (1989). The District of Columbia has a three-year residual statute of limitations for personal injury claims other than intentional torts. D.C. Code Ann. §12-301(8). It has a one-year statute of limitations for intentional torts. D.C.Code Ann. §12-301(4); Carney v. The American University, 150 F.3d 1091, 1096 (D.C. Cir. 1998).

However, federal law governs the time of accrual of §1983 claims. See Smith v. City of Enid ex rel. Enid City Commission, 149 F.3d 1151, 1154 (10th Cir.1998). "Since the injury in a §1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." See Smith v. City of Enid ex rel. Enid City Commission, 149 F.3d 1151, 1154 (10th Cir.1998). The judgment granting Plaintiff's divorce was entered December 27, 1973. Although Plaintiff does not state when she became aware of the divorce, it is incredible that such knowledge did not accrue until twenty-four years after the judgment was entered.

**IT IS THEREFORE ORDERED** that Plaintiffs' complaint is dismissed *sua sponte* pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which she is entitled to relief.

_____
**C. LeROY HANSEN
UNITED STATES DISTRICT JUDGE**